## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLETIS R. O'QUINN,**

**Petitioner,**

**v.**                                              **CASE NO. 23-3116-JWL**

**PRISONER REVIEW BOARD,**

**Respondent.**

## <u>MEMORANDUM AND ORDER</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Cletis R. O'Quinn, a state prisoner currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) With his petition, Petitioner filed an affidavit of financial status and inmate account statement, (Docs. 2, 2-1), but he did not submit a motion to proceed in forma pauperis on court-approved forms, as required by Local Rule 9.1(g). *See* D. Kan. Rule 9.1(g). If Petitioner wishes to proceed in forma pauperis, he must file a proper motion, on the approved forms[1], on or before June 9, 2023. If Petitioner does not wish to proceed in forma pauperis, he must pay the statutorily required $5.00 filing fee on or before June 9, 2023. *See* 28 U.S.C. § 1914. If Petitioner does not submit a motion to proceed in forma pauperis or pay the filing fee by this deadline, this matter may be dismissed without further prior notice to Petitioner.

In addition, the Court has undertaken a preliminary review of the petition in this matter and concludes that it is subject to dismissal in its entirety. For the reasons explained below, the Court will therefore direct Petitioner to file an amended petition or a written response to this order.

### Background

---

[1] Forms for filing a motion to proceed in forma pauperis are enclosed.

In 1990, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated kidnapping, aggravated battery, and aggravated sexual battery. *See O'Quinn v. State*, 2020 WL 4379045, *1 (Kan. Ct. of App. July 31, 2020) (unpublished opinion), *rev. denied* March 15, 2021. The district court sentenced him to consecutive sentences of "life in prison for the aggravated kidnapping, 5 to 20 years in prison for the aggravated battery, and 3 to 10 years for the aggravated sexual battery." *Id.* Under the statutes in effect at the time, because Petitioner would have been eligible for parole after serving approximately 23 years, with some adjustment for good time credits—the minimum sentences of 5 and 3 years for the aggravated battery and aggravated sexual battery (less good time credits for those crimes) plus 15 years for the aggravated kidnapping (without deduction of any good time credits). *See* K.S.A. 1990 Supp. 21-3421; K.S.A. 1990 Supp. 22-3717(a)-(c).

Petitioner pursued a direct appeal and, on October 25, 1991, the Kansas Supreme Court (KSC) affirmed his convictions and sentences. *Id.* Petitioner later sought state habeas relief under K.S.A. 60-1507, but the state district court denied the motion and, on March 18, 1994, the Kansas Court of Appeals (KCOA) affirmed the denial. *Id.* The KSC denied the petition for review on April 28, 1994. *See* Online Records of the Kansas Appellate Courts, Case No. 69,690.

Shortly thereafter, Petitioner filed in this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. *See O'Quinn v. Kansas*, Case No. 94-cv-3447-GTV (D. Kan.). He claimed that he had received unconstitutionally ineffective assistance of trial counsel, but in a memorandum and order dated September 11, 1998, this Court denied the petition. *See O'Quinn v. Kansas*, 1998 WL 709802, *1 (D. Kan. Sept. 11, 1998) (unpublished). Petitioner appealed to the Tenth Circuit, which dismissed his appeal on May 12, 1999. *See O'Quinn v. Kansas*, 1999 WL 298217, *1 (10th Cir. May 12, 1999) (unpublished).

In the current petition, Petitioner asserts that he was released on parole on August 16, 2007. (Doc. 1, p. 8.) He asserts that he was given "a correctly calculated certificate of release," but he does not advise what date the certificate of release identified as the end of his parole period. *Id.* In June 2015, while still on parole, Petitioner was involved in events that led to him being charged with aggravated kidnapping, aggravated sexual battery, and aggravated battery. *O'Quinn*, 2020

WL 4379045, at *1; *State v. O'Quinn*, 2019 WL 5850291, *1 (Kan. Ct. App. Nov. 8, 2019) (unpublished). Petitioner was arrested and taken into custody on March 19, 2016. *O'Quinn*, 2019 WL 5850291, at *1.

On April 1, 2016, Petitioner's parole officer served him with "a written statement of charges and report of parole violation." *Id.* at *4. A jury in Sedgwick County, Kansas convicted him in March 2017 of all charges stemming from the 2015 incidents, and the state district court sentenced him to 620 months in prison. *O'Quinn*, 2020 WL 4379045, at *1. Petitioner pursued a direct appeal and, while that appeal was pending, Petitioner filed a second K.S.A. 60-1507 motion related to his 1990 convictions. *Id.* at *2.

The district court summarily denied the second K.S.A. 60-1507 motion in May 2019 and Petitioner appealed. On November 8, 2019, the KCOA issued its opinion in the ongoing direct appeal and affirmed Petitioner's 2017 convictions. *O'Quinn*, 2019 WL 5850291, at *1. Petitioner did not file a petition for review. *See* Online Records of the Kansas Appellate Courts, Case No. 118,977. On July 31, 2020, the KCOA affirmed the denial of Petitioner's second K.S.A. 60-1507 motion challenging his 1990 convictions. *O'Quinn*, 2020 WL 4379045, at *1. The KSC denied the petition for review on March 15, 2021. *See* Online Records of the Kansas Appellate Courts, Case No. 121,434.

Meanwhile, in September 2020, while the petition for review was pending, Petitioner filed in Sedgwick County District Court another motion for relief under K.S.A. 60-1507, although it is not clear on the information now before this Court whether that proceeding challenged Petitioner's 1990 convictions, his 2017 convictions, or something else. *See* Online Records of Sedgwick County District Court, Case No. 2020-CV-001413-IA. The district court denied the motion on February 2, 2022, and Petitioner is currently proceeding in an appeal of that denial.[2] *See id.*

On April 1, 2022, Petitioner filed a motion for state habeas relief under K.S.A. 60-1501 in Reno County, Kansas. *See* Online Records of Reno County District Court, Case No. 2022-CV-

---

[2] The online records of the Kansas appellate courts reflect that Petitioner has filed his brief in that appeal and the State's brief is currently due May 24, 2023. *See* Online Records of the Kansas Appellate Courts, Case No. 125,683.

000073. It appears that Petitioner named as respondents in that matter Kansas Secretary of Corrections Jeff Zmuda and the Kansas Prisoner Review Board. On June 8, 2022, the district court dismissed Secretary Zmuda from the action and, on November 17, 2022, the district court dismissed the remainder of the action for failure to prosecute after concluding that Petitioner "does not intend to take any effective steps to serve the Prisoner Review Board." *Id.* Petitioner filed a timely notice of appeal, but the online records of the Kansas Appellate Courts do not reflect that any related appeal has been docketed. Petitioner also filed in the district court a motion to alter or amend the judgment of dismissal, and on January 23, 2023, he filed a return of service reflecting that the Kansas Prisoner Review Board was served on January 17, 2023.

Meanwhile, on December 19, 2022, Petitioner filed a second K.S.A. 60-1501 motion in Reno County, naming Dan Schnurr, the warden at Hutchinson Correctional Facility, and the Prisoner Review Board as respondents. *See* Online Records of Reno County District Court, Case No. 2022-CV-000325. On February 15, 2023, the state district court issued an order granting Respondent's motion to dismiss "under the principle of res judicata and also because the old identical case 22 CV 73 is in judgment and on appeal." *Id.* The online records of the Reno County District Court do not reflect that a notice of appeal has been filed from this dismissal.

On May 3, 2023, Petitioner submitted the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.)

### Analysis

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court, "a federal court is limited to deciding whether a *conviction* violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*,

502 U.S. 62, 67-68 (1991) (citations omitted) (emphasis added).

The petition currently before the Court does not clearly identify the conviction or convictions that are at issue. Petitioner first alleges that he is challenging the conviction in Reno County case number 22-CV-73. (Doc. 1, p. 1.) But that was a civil case, not a criminal case, and no criminal convictions were imposed therein. Later in the petition, Petitioner refers to his 1990 convictions. *Id.* But as noted above, Petitioner has already sought and been denied federal habeas relief related to those convictions. *See O'Quinn*, Case No. 94-cv-3447-GTV (D. Kan.).

Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner's first § 2254 action challenging his 1990 convictions was denied on its merits and the ensuing appeal was unsuccessful. Thus, to the extent that Petitioner wishes to use the current petition to challenge his 1990 convictions, the current petition is successive and Petitioner is required to seek authorization from the Tenth Circuit to proceed on it. He has not done so.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*. Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, any challenge to the 1990 convictions appeared long-since time-barred. Moreover, as explained below, the claims in the current petition do not appear likely to have merit.

Even setting aside the fact that this may be an unauthorized successive § 2254 petition and assuming that Petitioner's challenge is not to the 1990 convictions, the grounds for relief asserted in the current petition nevertheless leave this matter subject to dismissal. In Ground One, Petitioner alleges the violation of his constitutional right to access the courts. The federal Constitution provides a "'fundamental constitutional right of access to the courts.'" *See Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting holding in *Bounds v. Smith*, 430 U.S. 817 (1977)). But the factual allegations Petitioner presents to support his claim involve only actions and inactions by the Reno County District Court in his recent state civil actions. (Doc. 1, p. 5-7.) Although he seeks relief in those actions that is related to his criminal convictions, Petitioner is not alleging that any of his state criminal convictions are unconstitutional because his right to access the courts was violated. Thus, Petitioner's claim in Ground One is not properly brought in this federal habeas action[3] and is subject to dismissal for failure to state a claim on which habeas relief may be granted.

Ground Two of the current petition is difficult to decipher, but it relates to Petitioner's term of parole for his 1990 convictions and the alleged application to Petitioner of a 2008 amendment to K.S.A. 21-4608(e)(2), which Petitioner asserts violated the Ex Post Facto Clause of the United States Constitution. Because the amendment in question occurred well after Petitioner's 1990 convictions and after he asserts he was released on parole, Petitioner's Ex Post Facto argument does not appear to challenge the validity of his conviction or sentence, but rather the execution of that sentence. *Evans v. Ray*, 390 F.3d 1247, 1249-50 (10th Cir. 2004) (distinguishing between arguments "challenging the fact of [a] conviction rather than the execution of [a] sentence").

Generally speaking, a challenge to the granting, denial, or alteration of parole, like a claim that access to the courts was denied, is not a challenge to the state criminal convictions under which Petitioner is currently in custody. Rather, a challenge to parole is a challenge to the execution of a state sentence. Such challenges must be brought not under 28 U.S.C. § 2254 but rather under 28

---

[3] The proper avenue by which an individual may "allege the violation of a right secured by the Constitution and laws of the United States . . . committed by a person acting under color of state law" is a civil rights action under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted.) Under Local Rule 9.1(a) a prisoner's civil rights complaint seeking relief under 42 U.S.C. § 1983 must be filed on an official form. See D. Kan. Rule 9.1(a). If Petitioner wishes to pursue a § 1983 action, he may request the required forms from the clerk of this court.

U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition.").

Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form for filing a petition under § 2241 and, if Petitioner wishes to do so, he may submit—under this case number—a complete and proper amended petition containing only claims for which relief may be sought under 28 U.S.C. § 2241.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to the current § 2254 petition or attempt to incorporate by reference any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (23-3116-JWL) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If Petitioner does not wish to pursue a § 2241 petition at his time or if the Court has misunderstood Petitioner's current arguments or challenges, Petitioner shall file a written response to this order so informing the Court. If Petitioner fails to submit an amended petition or a response consistent with these directions on or before June 9, 2023, this action will proceed on the current, deficient § 2254 petition and be dismissed without further prior notice to Petitioner.

## Conclusion

In summary, the petition now before the Court is subject to dismissal because (a) to the extent it challenges the 1990 convictions, it is an unauthorized, successive petition over which this Court lacks jurisdiction; and (b) to the extent it does not challenge the 1990 convictions, even assuming it timely challenges some other unidentified convictions, it fails to state a ground upon which federal habeas relief can be granted. Ground One alleges a claim that is properly brought

under 42 U.S.C. § 1983 and Ground Two alleges a claim that is properly brought under 28 U.S.C. § 2241. Any § 1983 action must be filed separately; forms and instructions are available upon request from the clerk of this court. If Petitioner wishes to convert this matter into one seeking relief under § 2241, he must file, on or before June 9, 2023, a complete and proper amended petition on the court-approved forms for seeking relief under § 2241. If Petitioner believes that the Court has misunderstood the claims in the current petition, he must file, on or before June 9, 2023, a written explanation of how his current claims are proper under § 2254. If Petitioner fails to file either an amended petition seeking relief under § 2241 or a written response to this order by the deadline, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including June 9, 2023 in which to either submit a motion to proceed in forma pauperis or pay the $5.00 statutory filing fee. The failure to timely comply may result in dismissal without further prior notice to Petitioner. The clerk is directed to send Petitioner the necessary court-approved forms for filing a motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including June 9, 2023 in which to submit either an amended petition seeking relief under 28 U.S.C. § 2241 or a written response to this order. The failure to timely comply may result in dismissal without further prior notice to Petitioner. The clerk is directed to send Petitioner the court-approved forms for filing a petition under 28 U.S.C. § 2241.

**IT IS SO ORDERED.**

DATED:   This 8th day of May, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

8