IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                              Petitioner,

        v.                                                                 CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                              Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

      This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Cletis R. O'Quinn. (Doc. 1.) Petitioner filed the currently operative amended petition on May 19, 2023. (Doc. 5.) The Court thereafter directed Respondent to file a pre-answer report (PAR) limited to the affirmative defenses of timeliness and failure to exhaust. Respondent has filed the PAR (Doc. 13) and Petitioner has filed his reply to the PAR (Doc. 14). In light of the information in these filings, the sole argument presented in this federal habeas matter argument appears unexhausted. The Court will direct Petitioner to show cause, in writing, why this matter should not be dismissed for failure to exhaust available state-court remedies.

## Background

      Highly summarized, this federal habeas matter concerns two sets of state-court convictions and sentences: (1) what will be referred to as the 1990 convictions and (2) what will be referred to as the 2017 convictions. The 1990 convictions resulted in Petitioner being sentenced to consecutive sentences of life in prison, 5 to 20 years in prison, and 3 to 10 years in prison. *See O'Quinn v. State*, 2020 WL 4379045, *1 (Kan. Ct. App. July 31, 2020) (unpublished), *rev. denied* Mar. 15, 2021. Petitioner was paroled from prison on August 16, 2007; he now alleges that the

Kansas statutes applicable to him meant that he would be required to serve no more than 5 years on parole unless the Parole Board petitioned the court to extend the duration of parole. (*See* Doc. 5, p. 6-7.) Because the Parole Board did not so petition the court, Petitioner argues, he was on parole only until August 16, 2012. *Id.* at 7.

Petitioner was arrested in 2016 on new criminal charges, after which the Kansas Prisoner Review Board (formerly the Parole Board) placed a hold on Petitioner purportedly due to his status as a potential parole violator, leaving him unable to bond out of custody. *Id.* at 7. At a later hearing on Petitioner's claim that his right to a speedy trial was violated, Petitioner's parole officer testified that Petitioner had been placed on lifetime parole for the 1990 convictions. *Id.* In 2017, a jury convicted Petitioner on all charges and the district court sentenced him to 620 months in prison. *O'Quinn*, 2020 WL 4379045, at *1. Petitioner pursued a direct appeal and in November 2019, the Kansas Court of Appeals (KCOA) affirmed Petitioner's 2017 convictions. *O'Quinn*, 2019 WL 5850291, at *1. Petitioner did not file a petition for review. *See* Online Records of the Kansas Appellate Courts, Case No. 118,977.

On April 1, 2022, Petitioner filed a motion for state habeas relief under K.S.A. 60-1501 in Reno County, Kansas. *See* Online Records of Reno County District Court, Case No. 2022-CV-000073. In the PAR, Respondent asserts that this action contains the claim Petitioner now asserts in his federal habeas action; Petitioner does not contradict this assertion in his reply. (Doc. 13, p. 1.) It appears that Petitioner named as respondents in that matter Kansas Secretary of Corrections Jeff Zmuda and the Kansas Prisoner Review Board. On June 8, 2022, the district court dismissed Secretary Zmuda from the action and, on November 17, 2022, the district court dismissed the remainder of the action for failure to prosecute after concluding that Petitioner "does not intend to take any effective steps to serve the Prisoner Review Board." *Id.* Petitioner filed a timely notice of

2

appeal and a motion to alter or amend the judgment of dismissal. Further, on January 23, 2023, he filed a return of service reflecting that the Kansas Prisoner Review Board was served on January 17, 2023.

On May 3, 2023, Petitioner began this federal habeas action by filing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court reviewed the petition and concluded that it appeared to seek relief more appropriately sought under 28 U.S.C. § 2241, so on May 8, 2023, it issued a memorandum and order explaining its reasoning and allowing Petitioner time to submit either an amended petition seeking relief under § 2241 or a written response explaining why he wished to proceed under § 2254. (Doc. 3.) Petitioner filed an amended petition, seeking relief under § 2241. (Doc. 5.) After examining the amended petition, the Court directed Respondent to file a PAR addressing exhaustion and timeliness. (Doc. 8.) Respondent filed the PAR on September 20, 2023 (Doc. 13) and Petitioner filed his reply to the PAR on October 11, 2023 (Doc. 14).

**Analysis**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). Generally speaking, for a claim to be exhausted, Petitioner must have presented it to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed

to have exhausted all available state remedies."). The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

It appears from the PAR and the reply that there is at least one currently pending state-court matter that involves the sole issue Petitioner has presented in this federal habeas action: case number 2022-CV-000073, filed in Reno County, Kansas. The parties agree that Petitioner filed a notice of appeal from the state district court's dismissal of that action. (Doc. 13, p. 2; Doc. 14, p. 2.) In his amended petition, Petitioner explained that he "could not" appeal the issue because the "Reno County district court clerk would not process his notice of appeal." (Doc. 5, p. 11.) In the PAR, Respondent points out that Petitioner's notice of appeal was filed in Reno County District Court. (Doc. 13, p. 2.) In his reply, Petitioner further explains that the district court clerk's office "refused to forward [his] notice of appeal to the Court of Appeals," and he has attached to his reply a letter from the Reno County Clerk of the District Court informing him that "Reno County District Court does not forward [n]otices of [a]ppeal." (Doc. 14, p. 3; Doc. 14-3, p. 1.)

It is undisputed that Petitioner filed a notice of appeal in the state district court.[1] Contrary to Petitioner's belief that "all [he] has to do is file [a timely] notice of appeal in the district court" (*see* Doc. 14, p. 3), however, there are additional steps required to perfect[2] an appeal. (*See* Doc. 13, p. 1.) After a notice of appeal is filed, the party that wishes to appeal—called the appellant—

---

[1] The Court notes that, as Respondent points out in the PAR (*see* Doc. 13, p. 3), a motion to alter or amend judgment may remain pending in the state district court, which may mean that judgment in that case is not "final" for purposes of appeal. *See In re Marriage of Farha and Oaks*, 2022 WL 1052201, *4 (Kan. Ct. App. April 8, 2022) (unpublished) ("The court's judgment was not final because it could have granted [a] posttrial motion."). Thus, Petitioner's December 2, 2022 notice of appeal may be premature, as Respondent points out in the PAR. *See id.*; (Doc. 13, p. 3). This Court will not opine on how Kansas state courts may apply Kansas law to Petitioner's specific circumstances. If Petitioner wishes to pursue resolution of the apparently pending motion to alter or amend judgment in Reno County case number 2022-CV-000073, he must take that up with the state district court.

[2] In this context, "perfect" means "[t]o take all legal steps needed to complete." *See* Black's Law Dictionary (11th ed. 2019).

must docket the appeal with the appropriate appellate court. Kansas Supreme Court Rule 2.04(a)(1), which is titled "Docketing an Appeal," states that "[n]o later than 60 days after a notice of appeal is filed in a district court, *the appellant* must complete or obtain and file with the clerk of the appellate courts" certain documents, including the notice of appeal. Kan. S. Ct. R. 2.04(a)(1) (emphasis added). Thus, the burden to docket the appeal by providing the necessary documents to the Kansas appellate courts belongs to Petitioner. Nothing before this Court indicates that Petitioner has docketed an appeal with the clerk of the appellate courts.

Rule 2.04(a)(4) provides instructions on how to file a motion to docket an appeal out of time, and Respondent acknowledges that this type of motion is "routinely granted by the Kansas appellate courts." (Doc. 13, p. 3.) This Court will not predict the state courts' future ruling on such a motion, it simply notes that the avenue is available. In summary, the information now before the Court does not reflect that Petitioner has presented the issue to the Kansas courts of appeal, nor does it reflect that Petitioner is precluded from doing so. Accordingly, it appears that the sole issue in this federal habeas action is not exhausted.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891, 92 (10th Cir. 2018). The Court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

Petitioner is granted to and including November 17, 2023, in which to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may pursue the available state-court remedies on his currently unexhausted claim. The failure to file a response to this order on or before this deadline may result in this matter being dismissed without prejudice without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including November 17, 2023 in which to show cause, in writing, why this matter should not be dismissed without prejudice for failure to exhaust available state-court remedies.

**IT IS SO ORDERED.**

DATED:   This 17th day of October, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge