IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                                                            Petitioner,

        v.                                                       CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                                                             Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Cletis R. O'Quinn. (Doc. 1.) Petitioner filed the currently operative amended petition on May 19, 2023. (Doc. 5.) The Court thereafter directed Respondent to file a pre-answer report (PAR) limited to the affirmative defenses of timeliness and failure to exhaust. Respondent filed the PAR (Doc. 13) and Petitioner filed his reply to the PAR (Doc. 14). The information in those filings appeared to show that the sole argument presented in this federal habeas matter argument is unexhausted, so the Court directed Petitioner to show cause why this matter should not be dismissed for failure to exhaust available state-court remedies. (Doc. 15.)

Petitioner has filed his response, in which he asserts that further attempts to exhaust state-court remedies would be futile. (Doc. 16, p. 1.) Although the Court understands the frustration Petitioner feels at the pace of his currently pending state-court proceedings, it does not appear that "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court is not persuaded that further attempts by Petitioner to exhaust state-court remedies would be futile.

1

Petitioner also requests that if the Court does not agree with his futility argument, the Court stay this matter and hold it in abeyance while he continues to attempt to exhaust state-court remedies. (Doc. 16, p. 1.) As explained below, however, the information now before the Court indicates that this matter may be time-barred, which would prevent this matter from being considered on its merits regardless of any exhaustion or lack thereof in the state courts. If the matter is time-barred, it cannot succeed on its merits and a stay is not appropriate. *See Rhines v. Weber*, 544 U.S. 269, 177078 (2005) (identifying whether an unexhausted claim is "plainly meritless" as one factor when considering staying a federal habeas matter so that a petition can exhaust state-court remedies). Thus, the Court will direct Petitioner to show cause, in writing, why this matter should not be dismissed as untimely filed.

## Background

Highly summarized, this federal habeas matter concerns two sets of state-court convictions and sentences: (1) what will be referred to as the 1990 convictions and (2) what will be referred to as the 2017 convictions. The 1990 convictions resulted in Petitioner being sentenced to consecutive sentences of life in prison, 5 to 20 years in prison, and 3 to 10 years in prison. *See O'Quinn v. State*, 2020 WL 4379045, *1 (Kan. Ct. App. July 31, 2020) (unpublished), *rev. denied* Mar. 15, 2021. Petitioner was paroled from prison on August 16, 2007; he now alleges that the Kansas statutes applicable to him meant that he would be required to serve no more than 5 years on parole unless the Parole Board petitioned the court to extend the duration of parole. (*See* Doc. 5, p. 6-7.) Because the Parole Board did not so petition the court, Petitioner argues, he was on parole only until August 16, 2012. *Id.* at 7.

Petitioner was arrested in 2016 on new criminal charges, after which the Kansas Prisoner Review Board (KPRB), formerly the Parole Board, placed a hold on Petitioner purportedly due to

his status as a potential parole violator, leaving him unable to bond out of custody. *Id.* at 7. At a later hearing on Petitioner's claim that his right to a speedy trial was violated, Petitioner's parole officer testified that Petitioner had been placed on lifetime parole for the 1990 convictions. *Id.* In 2017, a jury convicted Petitioner on all charges and the district court sentenced him to 620 months in prison. *O'Quinn*, 2020 WL 4379045, at *1. Petitioner pursued a direct appeal and in November 2019, the Kansas Court of Appeals (KCOA) affirmed Petitioner's 2017 convictions. *O'Quinn*, 2019 WL 5850291, at *1. Petitioner did not file a petition for review. *See* Online Records of the Kansas Appellate Courts, Case No. 118,977.

On April 1, 2022, Petitioner filed a motion for state habeas relief under K.S.A. 60-1501 in Reno County, Kansas. *See* Online Records of Reno County District Court, Case No. 2022-CV-000073. In the PAR, Respondent asserts that this action contains the claim Petitioner now asserts in his federal habeas action; Petitioner does not contradict this assertion in his reply. (Doc. 13, p. 1.) The state district court dismissed the action in November 2022 for failure to prosecute after concluding that Petitioner "does not intend to take any effective steps to serve the Prisoner Review Board." *Id.* Petitioner filed a timely notice of appeal and a motion to alter or amend the judgment of dismissal and later filed a return of service reflecting that the Kansas Prisoner Review Board was served on January 17, 2023. On May 3, 2023, Petitioner began this federal habeas action by filing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## Initial Screening Standards

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Rules authorizes district courts to apply the Rules to

habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It is not entirely clear how Petitioner intends to frame his challenge in the current federal habeas matter. Petitioner may intend to direct his argument toward his 1990 sentence and argue that the imposition of lifetime parole as part of that sentence was unconstitutional. Petitioner may intend to direct his argument toward his 2017 sentence and argue that he was erroneously sentenced in that matter as though he had violated the conditions of lifetime parole, or he may intend to assert some other argument entirely. As noted above, the Court liberally construes the

pro se pleading, but it may not act as Petitioner's advocate. *See James*, 724 F.3d at 1315. "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In his response to this order, Petitioner should clearly identify the action he is challenging.

Regardless of how the challenge is framed, however, it appears untimely. If Petitioner argues that the imposition of lifetime parole as part of the sentence for his 1990 convictions was unconstitutional, 28 U.S.C. § 2244(d)(1)(D) likely controls and the one-year AEDPA limitation period began running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner appears to have learned that the government had placed him on lifetime parole either on April 1, 2016, when he was placed on "a A&D hold [*sic*]" or during a speedy trial hearing that appears to have occurred in March 2017. *See* (Doc. 5, p. 7); *O'Quinn*, 2019 WL 5850291, at *1-2 (noting that trial began on March 27, 2017 and the speedy trial hearing was held "[b]efore the jury was sworn"). Thus, at the latest, Petitioner was aware of the factual predicate of his claim by the end of March 2017. Barring other circumstances, which are addressed below and which do not appear to apply here, the one-year AEDPA statute of limitations would have expired by the end of March 2018. Petitioner did not file his petition in this federal habeas matter until May 3, 2023. (Doc. 1.)

If Petitioner argues that his 2017 sentence was unconstitutionally imposed[1] because it was calculated, in part, based on a finding that Petitioner had violated his lifetime parole, 28 U.S.C. § 2244(d)(1)(A) controls the timeliness analysis, and the one-year AEDPA limitation period began running on "the date on which the judgment became final by the conclusion of direct review or the

---

[1] The Court acknowledges that this argument might be more appropriate under 28 U.S.C. § 2254, which is used to challenge the constitutional validity of a sentence. Since the timeliness analysis under § 2241 and § 2254 is identical, the precise characterization of the claim need not be decided at this time. *See Hall v. Saffle*, 10 Fed. Appx. 768, 770-71 (10th Cir. May 31, 2001) (unpublished).

expiration of the time for seeking such review." Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

As noted above, Petitioner pursued a direct appeal of the 2017 convictions and the KCOA affirmed in an opinion dated November 8, 2019. *See O'Quinn*, 2019 WL 5850291, at *1. Petitioner than had 30 days to petition for review by the KSC. *See* Kan. S. Ct. R. 8.03(b)(1) (setting jurisdictional 30-day period for filing petition for review). He did not do so, and the AEDPA statute of limitations began running the day after the 30 days expired—December 9, 2019. Barring other circumstances, which are addressed below and do not appear to apply here, the one-year AEDPA statute of limitations would have expired on December 9, 2020. But Petitioner did not file his petition in this federal habeas matter until May 3, 2023. (Doc. 1.)

Thus, it appears that the current federal habeas action is untimely, whether Petitioner's argument is framed as challenging the imposition of lifetime parole as part of his 1990 sentence, which he only learned about during after his 2016 arrest, or as challenging his 2017 sentence, which was based, in part, on the belief that Petitioner had violated the terms of his lifetime parole. If Petitioner feels the Court has misunderstood the basis for his arguments or the event he is directly challenging, he should so inform the Court in his response to this order.

There are ways in which the one-year AEDPA limitation period may be tolled or avoided. First, the AEDPA contains a tolling provision:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The only collateral action related to Petitioner's current claim for federal habeas relief of which the Court is aware is the K.S.A. 60-1501 action, which was not

filed until April 1, 2022, by which point the one-year AEDPA limitations period had expired. "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (citations omitted). Thus, the K.S.A. 60-1501 action does not affect the timeliness of this federal habeas matter.

The one-year AEDPA limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). Nothing in the information currently before the Court asserts the type of circumstance that justifies equitable tolling of the relevant time period.

Finally, an exception to AEDPA's one-year time limitation exists in the rare and extraordinary case in which a petitioner adequately asserts actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because

the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

To obtain this exception, Petitioner is not required to conclusively exonerate himself; rather, his "burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). Unlike equitable tolling, "a petitioner who establishes actual innocence need not make a showing of diligence in order to get his otherwise time-barred substantive claims heard." *Fontenot*, 4 F.4th at 1032. Petitioner has not alleged to this Court that he is actually innocent of any of his crimes of conviction; thus, this exception does not appear applicable.

## Conclusion

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate (1) grounds for statutory tolling; (2) grounds for equitable tolling; or (3) that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including December 4, 2023 in which to show cause, in writing, why this matter should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED: This 2nd day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge