IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                              Petitioner,

        v.                                                           CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                              Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Cletis R. O'Quinn. (Doc. 1.) It comes before the Court on Petitioner's response (Doc. 18) to the Court's November 2, 2023 Memorandum and Order to Show Cause (MOSC) (Doc. 17). Therein, Petitioner asserts that this matter is timely under the actual innocence exception to the federal habeas statute of limitations. The Court further notes that when given the opportunity to do so, Respondent declined to raise timeliness as an affirmative defense at this time[1], instead asserting that it "can express no opinion regarding timeliness" due to the pending, related state court proceedings. (Doc. 13, p. 4.) Although the Court currently cannot resolve whether Petitioner is entitled to the actual innocence exception[2], Petitioner's argument is sufficient to meet the standard to pass this initial screening phase. *See Kilgore v. Atty. Gen. of Colo.*, 519 F.3d 1084, 1089-90 (10th Cir. 20008) (holding that when petition is "not clearly untimely" and when it shows that it "may have been timely," "the court may not dismiss the petition sua sponte

---

[1] To be clear, Respondent may choose to assert timeliness as a defense in its answer to the petition.
[2] This is because the determination must be made "'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *See Schlup v. Delo*, 513 U.S. 298, 328 (1995). The Court does not currently have before it the necessary records to allow consideration of all of the evidence related to Petitioner's convictions and the imposition of lifetime parole.

1

simply because it lacks sufficient information to determine whether the application has been timely filed").

As explained in the Court's November 2, 2023 order, the sole argument presented in this federal habeas matter is unexhausted and the Court is not persuaded that further attempts by Petitioner to exhaust available state court remedies would be futile. (*See* Doc. 17, p. 1.) The Court will therefore grant Petitioner's request to stay this matter and hold it in abeyance while he continues to attempt to exhaust state court remedies. Petitioner is ordered to file a status report on or before February 2, 2024, informing the Court of the status of his state-court proceedings in Reno County District Court case number 2022-CV-000073.

**IT IS THEREFORE ORDERED** that this matter is **stayed** pending resolution of the related state-court proceedings. Petitioner is directed to file a status report on or before February 2, 2024 advising the Court of the status of the state-court proceedings.

**IT IS SO ORDERED.**

DATED:   This 27th day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge