IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                                              Petitioner,

        v.                                        CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                                              Respondent.

## MEMORANDUM AND ORDER

      This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Cletis R. O'Quinn. (Doc. 1.) It is stayed pending completion of state-court proceedings in which Petitioner is exhausting the sole issue presented in his federal habeas petition. It comes before the Court on Petitioner's status report (Doc. 20) filed January 15, 2024. Therein, Petitioner explains that the state district court has now denied his motion to alter or amend the judgment and has appointed counsel to represent him on appeal. Petitioner argues that the reason given for the delay in his state-court proceedings is insufficient and the delay has prejudiced him. *Id.* at 1-2. He further argues that these circumstances, combined with the merits of his challenge in this § 2241 action, should excuse him from the exhaustion requirement. *Id.* at 2.

      A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The only other circumstances under which this Court may ignore the exhaustion requirement are (1) where it denies a federal habeas petition on its merits because "none of the petitioner's claims has any merit," *see Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009), or (2) "where the state's highest court has recently

1

decided the precise legal issue that petitioner seeks to raise on his federal habeas petition," *see Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

The Court understands that Petitioner is frustrated with the amount of time—20 months—that his state-court proceedings have been pending. But this delay does not establish the type of circumstances in which this Court may excuse the federal habeas exhaustion requirement. Moreover, the state district court has appointed counsel to represent Petitioner in his state-court appeal. (Doc. 20-3, p. 2.) Thus, Petitioner's state case appears to be moving forward at this time.

Petitioner is ordered to file a status report on or before March 15, 2024, informing the Court of the status of his state-court proceedings. The status report should advise the Court whether an appeal has been docketed in the Kansas Court of Appeals and, if so, the case number assigned to that appeal. Petitioner may also include any other relevant information regarding the progress of his appeal.

**IT IS THEREFORE ORDERED** that Petitioner is directed to file a status report on or before March 15, 2024 advising the Court of the status of the state-court proceedings.

**IT IS SO ORDERED.**

DATED:   This 16th day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
