IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                             Petitioner,

     v.                                                 CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                             Respondent.

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Cletis R. O'Quinn seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 5.) This case is stayed pending completion of related state-court proceedings and it comes before the Court on Petitioner's status report filed May 8, 2025. (Doc. 38.) Petitioner advises that the Kansas Court of Appeals issued an opinion on May 2, 2025 affirming the state district court's dismissal of his K.S.A. 60-1501 petition. *Id.*

Kansas Supreme Court Rule 8.03B(a) states: "In all appeals from . . . post-conviction relief on or after July 1, 2018 . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all state remedies." Thus, the federal habeas exhaustion doctrine does not require Petitioner to petition the Kansas Supreme Court for review in order. (*See* Doc. 19, p. 2 (staying this matter and holding it in abeyance while Petitioner "continues to attempt to exhaust state court remedies").) That being said, however, Petitioner may choose to petition the Kansas Supreme Court for review of the May 2, 2025 Kansas Court of Appeals opinion. *See* Kan. S. Ct. R. 8.03(b) and K.S.A. 20-3018 (setting forth procedure by which "[a]ny party aggrieved by a decision of the court of appeals" may petition the supreme court for review within 30 days of the date of the court of appeals' decision). A petition for review presents

1

another opportunity for Petitioner to attempt to resolve his claim in the state courts. Petitioner is advised to weigh this decision carefully; this Court will not opine on which route Petitioner should choose.

The Court will direct Petitioner to file in this Court on or before June 9, 2025 written notice advising whether Petitioner intends to file a petition for review with the Kansas Supreme Court. If Petitioner chooses to file a petition for review with the Kansas Supreme Court, this Court will continue the stay of this federal habeas matter until the petition for review is ruled upon by the Kansas Supreme Court. If Petitioner chooses not to file a petition for review with the Kansas Supreme Court, he should advise this Court of any reason why this Court should not lift the stay of this federal habeas matter and resume these proceedings. Upon receiving notice from Petitioner as to his decision and, if necessary, whether he wishes the Court to lift the stay in this matter, the Court will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **June 9, 2025**, in which to notify the Court in writing whether he intends to file a petition for review with the Kansas Supreme Court and, if not, to state any reason why this Court should not lift the stay of this matter and resume these federal habeas proceedings.

**IT IS SO ORDERED.**

DATED:   This 9th day of May, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge