## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CLETIS R. O'QUINN,**

**Petitioner,**

**v.**                                              **CASE NO. 23-3116-JWL**

**PRISONER REVIEW BOARD,**

**Respondent.**

## MEMORANDUM AND ORDER

Petitioner and state prisoner Cletis R. O'Quinn seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 5.) He proceeds pro se and has paid the required filing fee. This case, which was initially filed in May 2023, has been stayed since November 2023 pending completion of related state-court proceedings. (*See* Doc. 19.) On May 2, 2025, the Kansas Court of Appeals issued an opinion in the related appeal. (Doc. 38.) Shortly thereafter, this Court issued an order directing Petitioner to inform the Court whether he intended to file a petition for review with the Kansas Supreme Court and, if not, whether he knew of any reason why this Court should not lift the stay of this federal habeas matter. (Doc. 39.) Petitioner promptly responded, stating that he did not intend to file a petition for review and asking the Court to lift the stay of this matter and grant his petition. (Doc. 40.) The Court will order that the stay of this matter be lifted and will grant Petitioner time in which to show cause, in writing, why this matter should not be dismissed for the reasons set forth below.

### Background

Highly summarized, this federal habeas matter concerns two sets of state-court convictions and sentences: (1) what will be referred to as the 1990 convictions and (2) what will be referred to

1

as the 2017 convictions. The 1990 convictions resulted in Petitioner being sentenced to consecutive sentences of life in prison, 5 to 20 years in prison, and 3 to 10 years in prison. *See O'Quinn v. State*, 2020 WL 4379045, *1 (Kan. Ct. App. July 31, 2020) (unpublished) (*O'Quinn I*), *rev. denied* Mar. 15, 2021. Petitioner was paroled from prison on August 16, 2007; he asserts that the Kansas statutes applicable to him meant that he would be required to serve no more than 5 years on parole unless the Parole Board petitioned the court to extend the duration of parole. (*See* Doc. 5, p. 6-7.) Because the Parole Board did not so petition the court, Petitioner argues, he was on parole only until August 16, 2012. *Id.* at 7.

Petitioner was arrested in 2016 on new criminal charges, after which the Kansas Prisoner Review Board (formerly the Parole Board) placed a hold on Petitioner purportedly due to his status as a potential parole violator, leaving him unable to bond out of custody. *Id.* at 7. At a later hearing, Petitioner's parole officer testified that Petitioner had been placed on lifetime parole for the 1990 convictions. *Id.* In 2017, a jury convicted Petitioner on all charges and the district court sentenced him to 620 months in prison, to be served in accordance with a Kansas law that applies when crimes are committed by a person on parole. *See O'Quinn*, 2020 WL 4379045, at *1. Petitioner pursued a direct appeal and in November 2019, the Kansas Court of Appeals (KCOA) affirmed the 2017 convictions. *O'Quinn*, 2019 WL 5850291, at *1. Petitioner did not file a petition for review. *See* Online Records of the Kansas Appellate Courts, Case No. 118,977.

On April 1, 2022, Petitioner filed a motion for state habeas relief under K.S.A. 60-1501 in Reno County, Kansas, naming as defendants Kansas Secretary of Corrections Jeff Zmuda and the Kansas Prisoner Review Board ("the Board"). *See* Online Records of Reno County District Court, Case No. 2022-CV-000073; *See also O'Quinn v. Zmuda*, 2025 WL 1277046, *1 (Kan. Ct. App. May 2, 2025) (unpublished) (*O'Quinn II*). Therein, Petitioner made the following claims:

> (1) K.S.A. 2008 Supp. 21-4608(e)(2) was illegally applied to him and caused an ex post facto increase to lifetime parole; (2) he had been released from parole on August 17, 2017; (3) he was illegally sentenced; and (4) his due process rights were violated because he was not given notice his parole had been extended pursuant to K.S.A. 2008 Supp. 21-4608(e)(2).

*O'Quinn II*, 2025 WL 1277046 at *1. In July 2022, the state district court dismissed the case as it was brought against Mr. Zmuda. *Id.* at *1. In November 2022, the state district court dismissed the remainder of the case—the claims against the Board—for failure to prosecute because Petitioner had "'taken no effective steps to obtain service on the . . . Board." *Id.* at *1-2.  Petitioner timely filed a notice of appeal and a motion to alter or amend the judgment. *Id.* at *2.

While the motion to alter or amend the judgment was pending, Petitioner filed in this Court his petition for federal habeas relief, beginning this case. (Doc. 1.) The operative pleading in this case is the amended petition, filed on May 19, 2023. (Doc. 5.) The sole ground for relief[1] asserted in the amended petition argues that Petitioner completed in 2012 the sentences imposed for the 1990 convictions, but when he was arrested in 2016 for a crime charged in 2015, the Board applied ex post facto a 2008 law that increased his term of parole in the 1990 sentences to a lifetime term. Petitioner was then sentenced for the 2017 convictions as though he was on parole when he committed the crime. (Doc. 5, p. 6.)

This Court began the review of the amended petition required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] and concluded that a limited Pre-Answer Response (PAR) was appropriate. (*See* Doc. 8, p. 1.) Thus, on May 23, 2023, the Court directed Respondent to file a PAR limited to addressing the affirmative defense of timeliness

---

[1] Petitioner includes in the amended petition multiple pages to further explain the facts and constitutional violations, *see id.* at 7-11, but the Court understands the amended petition to raise only the single, ex post facto claim. If this understanding is incorrect, Petitioner should so inform the Court, in writing, as soon as possible and should clarify the grounds for relief he intended to identify in his amended petition.

[2] Rule 1(b) of the Rules Governing section 2254 Cases in the United States District Courts authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.

and whether Petitioner had exhausted his claims in state court as required. *Id.* After Respondent filed the PAR (Doc. 13) and Petitioner filed a reply to the PAR (Doc. 14), the Court directed Petitioner to show cause why this case should not be dismissed for failure to exhaust state-court remedies and because it was untimely filed. (Docs. 15 and 17.) Petitioner timely replied. (Docs. 16 and 18.) The Court concluded: (1) Petitioner's argument that he is entitled to the actual innocence exception to the statute of limitations, in light of Respondent's failure to assert untimeliness in the PAR, was sufficient to pass the initial Rule 4 screening, although Respondent may assert timeliness in an answer to the petition if one is ordered by the Court (Doc. 19, p. 1 & n.1); and (2) the sole ground for relief in this federal habeas matter was unexhausted and the proper way to proceed was to stay this case and hold it in abeyance while Petitioner exhausted state court remedies (Doc. 17, p. 1; Doc. 19, p. 2.) Thus, on November 27, 2023, this federal habeas matter was stayed.

In January 2024, the state district court denied the long-pending motion to alter or amend and certified that Petitioner's appeal was ripe. *Id.* As noted above, the KCOA issued its opinion in the appeal on May 2, 2025. *O'Quinn II*, 2025 WL 1277046. It affirmed the dismissal of the denial of the motion to alter or amend and affirmed the district court's dismissal of the claims against the Board for failure to complete service of the Board. *Id.* at *4. Petitioner then advised this Court that he did not intend to file a petition for review in the Kansas Supreme Court. (Doc. 40.)

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). "Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before

a federal court will hear them.'" *Knox v. Sharp*, 818 F. App'x 817, 818 (10th Cir. 2020)

(unpublished order) (quoting *Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003)).

> As previously explained to Petitioner:

> Generally speaking, for a claim to be exhausted, Petitioner must have presented it to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies."). The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

(Doc. 15, p. 3-4.)

In his most recent filing with this Court, Petitioner points out that in order to exhaust his

federal habeas claim, he is required only to present it to the KCOA. (Doc. 40, p. 1.) He asserts that

because he presented the claim to the KCOA, he has now exhausted all available state remedies.

*Id.* The Tenth Circuit recently explained the habeas exhaustion requirement as follows:

> "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' . . . ." Thus, we recognize that we must afford state courts "the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," which those courts cannot do unless they have been "alerted to the fact that the prisoners are asserting claims under the United States Constitution." A petitioner "need not cite 'book and verse on the federal constitution.'" But he must do "more than present[ ] 'all the facts necessary to support the federal claim' to the state court or articulat[e] a 'somewhat similar state-law claim.'" At bottom, "the crucial inquiry is whether *the 'substance'* of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim."

*Honie v. Powell*, 58 F.4th 1173, 1184 (10th Cir. 2023) (citations omitted).

In addition to presenting the same claim to both the KCOA and this federal Court,

Petitioner must have presented the claim to the KCOA in a way that complied with adequate and

independent state procedural rules. "When a state court dismisses a federal claim on the basis of

noncompliance with adequate and independent state procedural rules, federal courts ordinarily consider such claims procedurally barred and refuse to consider them." *Banks v. Workman*, 692 F.3d 1133, 1144 (10th Cir. 2012). In other words, when "the claim has been presented [in the state courts] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The claim is referred to as "procedurally barred," *see Banks*, 692 F.3d at 1144, or "procedurally defaulted," *see Simpson v. Carpenter*, 912 F.3d 542, 570 (10th Cir. 2018).

The KCOA's May 2025 opinion in Petitioner's appeal makes it clear that Petitioner argued to the state district court the claim he makes now in this federal habeas action: that the application of the 2008 law to impose lifetime parole for the 1990 convictions violated the constitutional prohibition of ex post facto laws that increase punishment for crimes committed before the law took effect. *See O'Quinn II*, 2025 WL 1277046 at *1. With respect to Petitioner's arguments *on appeal*, however, the KCOA stated:

> O'Quinn appeals the denial of his motion to alter or amend, asserting that, because the district court made an error of fact, it abused its discretion. Although O'Quinn timely appealed the dismissal of his K.S.A. 60-1501 petition, he only argues the district court erred by denying his motion to alter or amend the judgment. An issue not briefed is waived and abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Similarly, on appeal, O'Quinn does not argue the district court had a duty to serve the Board. This argument has also been abandoned. See 312 Kan. at 246. Accordingly, *the only issue before us is whether the district court made an error of fact and, therefore, abused its discretion in denying O'Quinn's motion to alter or amend judgment order*.

*Id.* at *2 (emphasis added).

The language quoted above makes clear that Petitioner did not brief to the KCOA that application to him of lifetime parole for the 1990 convictions was an ex post facto violation and that the failure to brief led the KCOA to deem it waived and abandoned. The requirement that every issue be adequately briefed is an independent and adequate state procedural rule established

by Kansas. *See Roeder v. Schnurr*, 2022 WL 17665073, *4 (10th Cir. Dec. 14, 2022) (unpublished) ("Failure to brief is an independent and adequate state ground.") ; *see also Hadley v. Bruce*, 2006 WL 1675573, *5 (D. Kan. June 13, 2006) (unpublished) (finding a claim procedurally defaulted when it was deemed waived and abandoned in state court based on a failure to brief). Thus, the sole claim in this federal habeas matter is procedurally barred or defaulted and this Court will not consider its merits "unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

To demonstrate cause for the procedural default, Petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

**IT IS THEREFORE ORDERED** that the **stay of this matter is lifted**. Petitioner is granted to and including **July 10, 2025**, in which to show cause, in writing, why this matter should not be dismissed because the sole ground for relief is procedurally defaulted. If Petitioner fails to timely do so, this matter will be dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 6th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge