IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLETIS R. O'QUINN,

                                  Petitioner,

       v.                                                                CASE NO. 23-3116-JWL

PRISONER REVIEW BOARD,

                                  Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by state prisoner and Petitioner Cletis R. O'Quinn. (Doc. 1.) Petitioner filed the currently operative amended petition on May 19, 2023. (Doc. 8.) Highly summarized, this federal habeas matter concerns the constitutionality of Petitioner being treated during his criminal prosecution in 2016 and 2017 as though he had committed the crimes of conviction while on lifetime parole.

After conducting an initial review of the amended petition and exhibits thereto, the Court directed Respondent to file a pre-answer report (PAR) limited to the affirmative defense of timeliness and whether Petitioner had exhausted his claims in state court. (Doc. 8.) After obtaining multiple extensions of time, Respondent filed a 4-page PAR in which it asserted that the claim in this matter was unexhausted and expressed no opinion regarding timeliness. (Doc. 13, p. 1-4.) On November 27, 2023, this federal habeas matter was stayed and held in abeyance while Petitioner returned to state court to exhaust available remedies. (Doc. 19.)

The related state-court proceeding concluded and, on June 6, 2025, the Court issued a memorandum and order lifting the stay and directing Petitioner to show cause, in writing, why this matter should not be dismissed because the sole asserted ground for relief is procedurally

1

defaulted. (Doc. 41.) Petitioner promptly filed his response (Doc. 42), in which he contends that this matter should not be dismissed due to procedural default. After careful consideration of the liberally construed pro se response, the filings in this matter, and all of the information currently before the Court, the Court further concludes that a responsive pleading is required in this matter. The Court will therefore direct Respondent to file an answer showing cause why the writ should not be granted and will grant Petitioner time in which to file a reply to the answer.

**IT IS THEREFORE ORDERED:**

1. That pursuant to Rules 1 and 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **August 25, 2025** showing why the writ should not be granted based on the arguments in the amended petition and attachments thereto.

2. That the answer should present:

    a. The necessity for an evidentiary hearing on the ground alleged in Petitioner's pleading;

    b. Whether the argument in the petition is barred by a statute of limitations or any other procedural bar; and

    c. An analysis of the asserted ground for relief and any cases and supporting documents relied upon by Respondent in opposition to the same.

    Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgments and sentences of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

3. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

4. That Petitioner be granted to and including **September 25, 2025** to file a traverse, or reply to the answer, admitting or denying, under oath, all factual allegations contained in the answer.

5. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court

transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 25th day of June, 2025, at Kansas City, Kansas.


<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge